# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

SAMUEL RENE LOPEZ,

      Plaintiff,

      v.                                                       Case No. 1:24-cv-984 KWR/LF

ALLEGRA HANSON, ALLEGRA HANSON P.C., and
COMPA INDUSTRIES, Inc.*,*

      Defendants.

---

SAMUEL RENE LOPEZ,

      Plaintiff,

      v.                                                         Case No. 1:24-cv-985 KWR/LF

ARMANDO RENE LOPEZ, COMPA INDUSTRIES, Inc.,
and STRATIFY, LLC*,*

      Defendants.

---

SAMUEL RENE LOPEZ,

      Plaintiff,

      v.                                                         Case No. 1:24-cv-986 KWR/LF

ASHLEY CHENOT, COMPA INDUSTRIES, Inc., and
STRATIFY, LLC*,*

      Defendants.

---

SAMUEL RENE LOPEZ,

      Plaintiff,

v.                                                                                      Case No. 1:24-cv-987 KWR/LF

BRYANT BINGHAM, COMPA INDUSTRIES, Inc., and
STRATIFY, LLC,

       Defendants.

---

SAMUEL RENE LOPEZ,

       Plaintiff,

v.                                                                                      Case No. 1:24-cv-988 KWR/LF

DANIEL ANTHONY JENSENLOPEZ, COMPA INDUSTRIES, Inc., and
STRATIFY, LLC,

       Defendants.

---

SAMUEL RENE LOPEZ,

       Plaintiff,

v.                                                                                      Case No. 1:24-cv-990 KWR/LF

EDNA LOUISA LOPEZ, COMPA INDUSTRIES, Inc., and
STRATIFY, LLC,

       Defendants.

---

SAMUEL RENE LOPEZ,

       Plaintiff,

v.                                                                                      Case No. 1:24-cv-991 KWR/LF

KAREN MONTY, COMPA INDUSTRIES, Inc., and
STRATIFY, LLC,

       Defendants.

**<u>MEMORANDUM OPINION AND ORDER</u>**

THIS MATTER comes before the Court on Plaintiff's third and fourth post-judgment motions, which challenge the Court's dismissal of his seven cases listed in the above caption. Plaintiff filed an Objection to Order and Judgment and a Motion to Claim and Exercise Constitutionally Secured Rights and Demand for Findings of Fact and Conclusions of Law in each of the following seven cases identified in the caption:

- *Samuel Rene Lopez v. Allegra Hanson, Allegra Hanson PC, and Compa Industries*, *Inc.*, 1:24-cv-984 KWR/LF (D.N.M.);

- *Samuel Rene Lopez* v. *Armando Rene Lopez, Compa Industries, Inc., and Stratify, LLC.*, 1:24-cv-985 KWR/LF (D.N.M.);

- *Samuel Rene Lopez v. Ashley Chenot, Compa Industries, Inc., and Stratify, LLC.,* 1:24-cv-986 KWR/LF (D.N.M.);

- *Samuel Rene Lopez v. Bryant Bingham, Compa Industries, Inc., and Stratify, LLC.,* 1:24-cv-987 KWR/LF (D.N.M.);

- *Samuel Rene Lopez v. Daniel Anthony Jensenlopez, Compa Industries, Inc., Stratify, LLC*, 1:24-cv-988 KWR/LF (D.N.M.);

- *Samuel Rene Lopez v. Edna Louisa Lopez, Compa Industries, Inc., Stratify, LLC*, 1:24-cv-990 KWR/LF (D.N.M.); and

- *Samuel Rene Lopez v. Karen Monty, Compa Industries, Inc., Stratify, LLC*, 1:24-cv-991 KWR/LF (D.N.M.).

Because the motions in these cases appear to be identical, the Court addresses them in one opinion. Having considered the law and the record, the Court finds that Plaintiff's third and fourth post-judgment motions are not well-taken and therefore are **DENIED**. The Court will file this opinion in all seven cases listed in the caption.

I.      **The Court declines to set aside the judgment.**

The Court dismissed these cases for (1) failure to establish subject matter jurisdiction, and (2) alternatively, failure to state a claim. Plaintiff self-styled these post-judgment motions as (1) an Objection to Order and Judgment and (2) Motion to Claim and Exercise Constitutionally Secured Rights and Demand for Findings of Fact and Conclusions of Law. The motions are substantially similar or nearly identical. Each motion also attaches an identical Affidavit/Declaration of Truth. In substance, these motions request that the Court reconsider its dismissal of his case for lack of subject matter jurisdiction, but do not address the dismissal for failure to state a claim. He also asserts that the Court's dismissal violated numerous constitutional rights, including his right to due process, right to a jury trial, and his right to enjoy life.

These motions are not permitted under the Federal Rules of Civil Procedure. "The rules allow a litigant subject to an adverse judgment to file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b). These two rules are distinct; they serve different purposes and produce different consequences. Which rule applies to a motion depends essentially on the time a motion is served." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). If a motion is filed within the time to file a Rule 59(e) motion, here 28 days, then it is considered under Rule 59(e). *Id.* However, if a motion is filed after that time it falls under Rule 60(b). *Id.*

Here, Plaintiff's third and fourth post-judgment motions were filed more than 28 days after the entry of judgment. Therefore, the Court must consider the motions under Rule 60(b). *Id.* However, whether the Court considers them as Rule 59(e) motions or Rule 60(b) motions, they are not well-taken.

Rule 60(b) allows relief from a final judgment, order, or proceeding in the event of: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; or (3) fraud. *See* Fed. R. Civ. P. 60(1)–(3). Rule 60(b)(4) allows for relief if a judgment is void, while Rule 60(b)(5) allows for relief if applying a judgment prospectively is no longer equitable. Finally, Rule 60(b)(6) also contains a catchall clause for any other reason that justifies relief. However, Rule 60(b)(6) relief is "extraordinary," "difficult to attain," and only "appropriate ... when it offends justice to deny such relief." *Zurich North America v. Matrix Serv., Inc.,* 426 F.3d 1281, 1289, 1293 (10th Cir. 2005). "A Rule 60(b) motion for relief from judgment is an extraordinary remedy and may be granted only in exceptional circumstances." *Jackson v. Los Lunas Cmty. Program*, 880 F.3d 1176, 1191–92 (10th Cir. 2018). Plaintiff has not expressly argued any ground under Rule 60(b), and the Court can discern none.

Plaintiff does not argue (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence, or (3) fraud. *See* Fed. R. Civ. P. 60(b)(1)-(3).

Plaintiff argues that the Court denied him the right to be heard, which the Court interprets as a due process challenge. "A judgment is void under Rule 60(b)(4) 'only in the rare instance where [the] judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard.' " *Johnson v. Spencer*, 950 F.3d 680, 694 (10th Cir. 2020) (alteration in original) (quoting *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010)). "Relief for lack of due process is not appropriate in a case in which the district court has not deprived a party of 'notice, hearing, or other fundamental constitutional rights.' " *Wilson v. Reid*, 838 F. App'x 351, 355 (10th Cir. 2020), *quoting in part V.T.A., Inc. v. Airco, Inc.*, 597 F.2d 220, 225 (10th Cir. 1979).

Plaintiff appears to assert that the Court denied him due process or a right to be heard by dismissing his case. But the Court issued multiple orders to show cause, set forth the relevant law, pointed out the deficiencies in his complaints, and allowed him to submit show-cause responses or an amended complaint. *Wilson*, 838 F. App'x at 35 ("The district court did not deprive Plaintiff of a fundamental due process right in the underlying proceeding. Before dismissing the case, the district court gave him opportunity to amend his pleadings and, in doing so, even pointed out his deficiencies."). Plaintiff timely submitted an amended complaint following the first order to show cause and a response to the second order to show cause. The Court considered the responses to the orders to show cause, including the amended complaints, and concluded that Plaintiff failed to establish subject matter jurisdiction or state a claim. Therefore, Plaintiff was given notice and an opportunity to be heard.

Plaintiff asserts that the Court erred in considering his response to the order to show cause on subject matter jurisdiction and the Court should have offered him leave to amend after reviewing his show cause response. The Court disagrees. As explained in the Court's prior orders on the post-judgment motions, (1) Plaintiff's request for leave to amend was insufficient; (2) the Court considered the facts asserted in the order to show cause, and (3) his cursory assertion of additional facts he might have alleged in an amended complaint would not have changed the outcome.

Plaintiff asserts that the Court impermissibly *sua sponte* raised subject matter jurisdiction due to a bias against *pro se* plaintiffs. But district courts are *required* to *sua sponte* address subject matter jurisdiction if they believe it may be lacking. *City of Albuquerque v. Soto Enters., Inc.*, 864 F.3d 1089, 1093 (10th Cir. 2017) ("Moreover, the district courts have an independent obligation to address their own subject-matter jurisdiction and can dismiss actions *sua sponte* for a lack of

6

subject-matter jurisdiction."). Plaintiff also requested leave to proceed *in forma pauperis*, and the Court was therefore required to *sua sponte* review the complaint for failure to state a claim. 28 U.S.C. § 1915(e)(2) (The Court "shall" dismiss a case "at any time" if the case "fails to state a claim on which relief may be granted."). It was therefore permissible for the Court to *sua sponte* require Plaintiff to show cause why the cases should not be dismissed for lack of subject matter jurisdiction or for failure to state a claim. The judgment is therefore not void under Rule 60(b)(4).

He also asserts that the Court denied him his right to a jury trial. But a court is not required to hold a jury trial where a plaintiff fails to establish subject matter jurisdiction or where the complaint fails to state a claim. Rather, as explained above, the Court was required to dismiss these cases if it perceived a lack of subject matter jurisdiction or a failure to state a claim.

Rule 60(b)(5) provides that an order can be modified if "applying it prospectively is no longer equitable." Fed. R. Civ. P. 60(b)(5). In such circumstances, "[t]he party seeking modification ... bears the burden of showing that 'a significant change either in factual conditions or in law' warrants revision." *Jackson*, 880 F.3d at 1194 (quoting *Rufo v. Inmates of Suffolk Cty. Jail*, 502 U.S. 367, 384 (1992)). Here, Plaintiff does not argue for relief under Rule 60(b)(5), and the Court can discern no change in fact or law warranting relief from the judgment.

Finally, Rule 60(b)(6) also contains a catchall clause for any other reason that justifies relief. However, Rule 60(b)(6) relief is "extraordinary," "difficult to attain," and only "appropriate ... when it offends justice to deny such relief." *Zurich North America v. Matrix Serv., Inc.*, 426 F.3d 1281, 1289, 1293 (10th Cir. 2005). "A Rule 60(b) motion for relief from judgment is an extraordinary remedy and may be granted only in exceptional circumstances." *Jackson*, 880 F.3d at 1191–92. Here, Plaintiff has not argued any ground for relief under Rule 60(b)(6), and the Court can discern none.

Therefore, Plaintiff has not established any ground for relief under Rule 60(b).

Alternatively, even assuming the motions were timely under Rule 59(e), a party may not file successive Rule 59(e) motions which merely reargue matters raised in prior Rule 59(e) proceedings. *Nelson v. City of Albuquerque*, 921 F.3d 925, 930 (10th Cir. 2019). Here, Plaintiff's four post-judgment motions are all substantially similar. He generally asserts that the Court erred in dismissing his cases for lack of subject matter jurisdiction. He asserts that the dismissal violated his constitutional rights and the Court was biased against him for *sua sponte* dismissing his case. His arguments were raised in the two prior post-judgment motions, which the Court denied. Therefore, his motions are denied as successive Rule 59(e) motions. Alternatively, the motions are denied for the same reason articulated in the prior opinions denying his post-judgment motions. Moreover, nothing in his post-judgment motions challenges the Court's alternative ruling, i.e., that his complaints failed to state a claim upon which relief can be granted under Rule 12(b)(6). Therefore, the Court declines to set aside the judgment.

II.     **Potential filing restrictions.**

The Court warns Plaintiff that he may face filing restrictions in these seven cases if he continues to file repetitive post-judgment motions. "[T]he right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Tripati v. Beaman,* 878 F.2d 351, 353 (10th Cir. 1989). Federal courts have "power under 28 U.S.C. § 1651(a) to enjoin litigants who abuse the court system by harassing their opponents." *Id.* at 352. Thus, courts may "regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." *Id.* (internal quotation marks omitted). Although "[l]itigiousness alone will not support an injunction restricting filing activities," filing restrictions "are proper where a litigant's abusive and

lengthy history is properly set forth," the court provides guidelines as to what the litigant "must do to obtain the court's permission to file an action," and the litigant receives "notice and an opportunity to oppose the court's order before it is instituted." *Id.* at 354.

Here, Plaintiff has filed four post-judgments motions in each of these seven cases, which are substantially similar. All four motions argue that the Court erred in dismissing his case for lack of subject matter jurisdiction on the same grounds, *i.e.*, that he adequately pleaded or asserted subject matter jurisdiction. He also asserts that the Court violated his constitutional rights, or otherwise was biased against him, for *sua sponte* dismissing his case. Moreover, Plaintiff filed seven cases against his family's business or people involved with his family's business. The cases were substantially similar.

This type of abuse of judicial resources will not be tolerated. If Plaintiff continues to file repetitive post-judgment motions in these cases, aside from a notice of appeal or motion for leave to proceed *in forma pauperis* on appeal, the Court may issue an order to show cause why filing restrictions should not be imposed in these seven cases.

**IT IS THEREFORE ORDERED** that Plaintiff's Objection to Order and Judgment is **OVERRULED** and Plaintiff's Motion to Claim and Exercise Constitutionally Secured Rights and Demand for Findings of Fact and Conclusions of Law is **DENIED** in each of the following seven cases:

- *Samuel Rene Lopez v. Allegra Hanson, Allegra Hanson PC, and Compa Industries*, *Inc.,* 1:24-cv-984 KWR/LF (D.N.M.);
- *Samuel Rene Lopez* v. *Armando Rene Lopez, Compa Industries, Inc., and Stratify, LLC.*, 1:24-cv-985 KWR/LF (D.N.M.);

- *Samuel Rene Lopez v. Ashley Chenot, Compa Industries, Inc., and Stratify, LLC.,* 1:24-cv-986 KWR/LF (D.N.M.);

- *Samuel Rene Lopez v. Bryant Bingham, Compa Industries, Inc., and Stratify, LLC.,* 1:24-cv-987 KWR/LF (D.N.M.);

- *Samuel Rene Lopez v. Daniel Anthony Jensenlopez, Compa Industries, Inc., Stratify, LLC*, 1:24-cv-988 KWR/LF (D.N.M.);

- *Samuel Rene Lopez v. Edna Louisa Lopez, Compa Industries, Inc., Stratify, LLC*, 1:24-cv-990 KWR/LF (D.N.M.); and

- *Samuel Rene Lopez v. Karen Monty, Compa Industries, Inc., Stratify, LLC*, 1:24-cv-991 KWR/LF (D.N.M.).

The Clerk of Court is directed to file this opinion in all seven cases listed in the caption.

                                      /S/
                                KEA W. RIGGS
                                UNITED STATES DISTRICT JUDGE